2014 SEP 29 AM 11: 05



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

              Respondent,

    v.

DANIEL ROSS BARTELS,

              Appellant.

No. 70303-0-I

DIVISION ONE

UNPUBLISHED

FILED: <u>September 29, 2014</u>

Cox, J. – Daniel Bartels appeals his conviction for first degree robbery, arguing that the trial court abused its discretion when it denied the jury's request to rehear a stipulation between the parties. The court's decision was within "the range of acceptable choices, given the facts and the applicable legal standard."[1] And Bartels's claims asserted in his statement of additional grounds do not warrant relief. We affirm.

Bartels arranged to buy one pound of marijuana from Keith Blaisdell. He told his codefendants about the deal and kept them informed about when Blaisdell would arrive.

Blaisdell testified that while he was negotiating the deal with Bartels, one of Bartels's codefendants approached and pointed a gun at him. He also testified that Bartels and the codefendant then took items from his pocket and

---

[1] State v. Dye, 178 Wn.2d 541, 548, 309 P.3d 1192 (2013) (internal quotation marks omitted).

marijuana from his car. Bartels's codefendant then shot Blaisdell, before running away with Bartels and a third codefendant.

The State charged Bartels and two codefendants with first degree robbery. Bartels's codefendants pleaded guilty.

At trial, Bartels argued his codefendants acted alone. As part of this argument, Bartels wanted the jury to know that both of Bartels's codefendants had pleaded guilty. The parties stipulated to this fact. Bartels asked the court to read the stipulation before the jury listened to opening statements. The State agreed, and the court informed the jury that Bartels's codefendants "were previously adjudicated guilty."

Neither party either marked the stipulation as an exhibit or introduced it as evidence during the trial.

During deliberations, the jury asked to hear the stipulation again. The court declined this request. The jury found Bartels guilty.

Bartels appeals.

## DECLINING TO REPEAT STIPULATED EVIDENCE

Bartels argues that the trial court abused its discretion when it denied the jury's request to hear the stipulation again. We disagree.

Trial courts have discretion in determining whether to grant a jury's request to hear evidence again.[2] Under CrR 6.15(f)(1), when a deliberating jury asks to rehear evidence "the court *may* grant a jury's request to rehear or replay

---

[2] CrR 6.15(f)(1).

2

evidence."[3] If the court grants the request, it must avoid placing undue weight on the evidence.[4]

This court reviews a decision on a jury's request to rehear evidence for abuse of discretion.[5] A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons.[6] A decision is manifestly unreasonable when it "falls outside the range of acceptable choices, given the facts and the applicable legal standard."[7] A decision is based on untenable grounds when the record does not support the court's factual findings.[8] A decision is based on untenable reasons when it is based on an incorrect legal standard, or a misapplication of a correct standard.[9]

Here, the trial court did not abuse its discretion by declining to reread the stipulation to the jury. The trial court declined to reread the evidence for two reasons.

First, the court determined that the jury did not need the stipulation to decide the case. It stated "[the court] is not convinced that it's imperative, and I

---

[3] Id. (emphasis added).

[4] Id.

[5] State v. Morgensen, 148 Wn. App. 81, 86, 197 P.3d 715 (2008).

[6] Dye, 178 Wn.2d at 548.

[7] Id. (internal quotation marks omitted).

[8] Id.

[9] Id.

3

don't see that it's the crux of the case or that it really aids the jury in maintaining its direction in addressing the matter before it concerning Mr. Bartels."

Second, the court believed it was procedurally improper to reread the stipulation. The court noted that while the parties had filed the stipulation, neither party either marked it as an exhibit or moved to admit it.

The trial court properly exercised its discretion for the first reason.

Bartels was charged with robbery. He argued that his codefendants acted alone, while the State argued that he was an accomplice in the robbery. Whether Bartels's codefendants had pleaded guilty had little relevance to the question the jury needed to answer—whether Bartels had acted as their accomplice.

When a court decides whether to grant the jury's request to rehear a piece of evidence, it must avoid unduly emphasizing that evidence.[10] When a jury hears evidence for a second time late in a trial, it may place undue emphasis on that evidence.[11]

If the trial court had allowed the jury to hear the stipulation again, it could have risked allowing the jury to place undue emphasis on the stipulation. Given that the stipulation was not directly relevant to the issues before the jury, it was proper for the trial court to decline reading the stipulation again. Rereading the stipulation may have unintentionally signaled to the jury that the stipulation was an important piece of evidence for them to consider.

---

[10] CrR 6.15(f)(1).

[11] Morgensen, 148 Wn. App. at 87.

The court's decision was within "the range of acceptable choices, given the facts and the applicable legal standard."[12] Thus, the trial court did not abuse its discretion.

Because the court's first reason for exercising its discretion supports its decision, we need not address the second.

Bartels argues that the trial court "deprived the jury of the opportunity to decide the case based on all the evidence" by failing to reread the stipulation. This argument fails for two reasons. First, as discussed above, the stipulation had little, if any, relevance to the question before the jury.

Second, the court did not refuse to read the stipulation, it merely refused to read the stipulation *again*. Bartels does not cite any authority for the proposition that failing to reread evidence to the jury prevents the jury from deciding the case based on all of the evidence. Thus, Bartels's argument is unpersuasive.

## STATEMENT OF ADDITIONAL GROUNDS

In his Statement of Additional Grounds, Bartels alleges two errors. Neither requires reversal.

First, Bartels argues that there was insufficient evidence to support a firearm enhancement to his sentence.

Evidence is sufficient when any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.[13] An appellate court

---

[12] Dye, 178 Wn.2d at 548.

[13] State v. Green, 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

considering a sufficiency challenge must defer to the jury's determination as to the weight and credibility of the evidence.[14]

In order to support a firearm enhancement, the jury must find that "the offender or an accomplice was armed with a firearm."[15]

At trial, there was sufficient evidence for a rational trier of fact to find that either Bartels or his accomplice used a firearm. Specifically, the victim testified that Bartels's accomplice pointed a gun at him during the robbery and then shot him. Additionally, the emergency room doctor who treated the victim testified that the victim had a wound consistent with a gun shot. This evidence was sufficient for the jury to find beyond a reasonable doubt that the accomplice was armed with a firearm, supporting imposition of the firearm enhancement by the court.

Second, Bartels argues that he received ineffective assistance of counsel when his attorney agreed to stipulate that Bartels's alleged accomplices had pleaded guilty.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his trial.[16] The reasonableness inquiry presumes effective representation and requires the

---

[14] State v. Thomas, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

[15] RCW 9.94A.533(3).

[16] Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995).

defendant to show the absence of legitimate strategic or tactical reasons for the challenged conduct.[17]  If one of the two prongs of the test is absent, we need not inquire further.[18]

Here, Bartels's attorney had a strategic reason for stipulating that Bartels's alleged accomplices had pleaded guilty.  As explained previously in this opinion, the defense theory of the case was that Bartels's alleged accomplices acted alone.  Bartels's attorney believed that the stipulation would help the jury understand his theory of the case.  Informing the jury that Bartels's codefendants pleaded guilty was a legitimate strategic decision.

Accordingly, because Bartels's counsel did not perform deficiently, we need not address prejudice.

We affirm the judgment and sentence.

_____
Cox, J.

WE CONCUR:

_____          _____
                                          Becker, J.

---

[17] McFarland, 127 Wn.2d at 336.

[18] Strickland, 466 U.S. at 697; State v. Foster, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).